NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 29, 2007[*]
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Nos. 06-3970, 07-1824

| | |
|---|---|
| OSCAR GUILLEN, | Appeals from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of |
| | Indiana, Indianapolis Division |
| | |
| *v.* | No. 1:05-cv-1052-JDT-TAB |
| | |
| ALAN FINNAN, | John Daniel Tinder, |
| *Respondent-Appellee.*[**] | *Judge.* |

**O R D E R**

Indiana inmate Oscar Guillen refused to take a urine test, which is a Class A
Offense at his institution.  He even signed a form documenting his refusal to submit
to the test.  Based on this form and a correctional officer's report about the incident,

---

[*] After examining the briefs and the record, we have concluded that oral
argument is unnecessary.  Thus, the appeal is submitted on the briefs and the
record.  *See* Fed. R. App. P. 34(a)(2).

[**] Alan Finnan, who became the superintendent of the Wabash Valley
Correctional Center after this appeal was filed, has been substituted for Craig A.
Hanks as the appellee.  *See* Fed. R. App. P. 43(c)(2).

a disciplinary hearing board sanctioned him to three months' disciplinary segregation and demoted his credit-earning class.  After exhausting his administrative appeals, Guillen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his disciplinary conviction was not supported by constitutionally sufficient evidence and that he was denied an impartial decision maker.  The district court denied the petition, and Guillen now appeals.  We affirm.

In this appeal Guillen reasserts that his right to due process was violated because there was insufficient evidence to establish his guilt.  Due process requires a disciplinary conviction that results in a demotion in an inmate's credit-earning class to be supported by "some evidence," *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001).  Guillen's written admission that he refused the drug test, which is corroborated by the officer's report, easily meets this standard, *see Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Guillen, however, appears to argue that the report and form should be excluded as fruit of an illegal search because, he contends, the officers lacked probable cause for testing him.  But even if the officers lacked probable cause, Guillen's refusal to submit to the test was not constitutionally protected because prison officials are not required to have probable cause to conduct a drug test on an inmate and may force prisoners to undergo random urinalysis testing.  *See Thompson v. Souza*, 111 F.3d 694, 702 (9th Cir. 1997); *Lucero v. Gunter*, 17 F.3d 1347, 1350 (10th Cir. 1994); *Forbes v. Trigg*, 976 F.2d 308, 312-13 (7th Cir. 1992); *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986).  We routinely give "wide-ranging deference" to the prison and its interest in preserving internal order and security.  *Forbes*, 976 F.3d at 313 (citation and quotation marks omitted).  This includes preventing the unauthorized use of narcotics, the detection of which may be obtained through compulsory and random drug testing.  *Id*.

Accordingly, in case no. 06-3970, the judgment of the district court is AFFIRMED.  Case no. 07-1824, which we consolidated for purposes of briefing and disposition, is DISMISSED as duplicative.